TIMOTHY MARNIN *vs.* KITSON MACHINE COMPANY.

Middlesex.      March 10, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ

*Personal Injuries — Negligence — Evidence — Acts of Plaintiff and of Fellow Servant.*

In an action of tort for personal injury, the declaration, after narrating the manner in which the accident causing the injury occurred, alleged generally that the defendant corporation by its servants and agents was negligent, and was guilty of a breach of duty toward the plaintiff. The evidence showed that the plaintiff, a servant in the defendant's employ, had wheeled a heavy piece of machinery upon an elevator, without orders so to do, and had thereupon been ordered to remove it by another of the defendant's servants; and that while he was endeavoring to remove it from the elevator, the wheels of the truck upon which the machinery had been moved struck the curbing of the elevator well on a level with the floor, and the machinery fell upon the plaintiff and injured him. There was nothing to show that the injury was due to a defect in the elevator. *Held,* that evidence as to the condition of the elevator at a time before the day of the accident, and as to the condition of the elevator belt, and as to whether there was anything to prevent the elevator from going below the floor, was rightly excluded. *Held, also,* that a ruling that the action could not be maintained was correct.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ as a general helper. The declaration in the case, after narrating the manner in which the accident through which the plaintiff was injured occurred, alleged that at the time of said injury and prior thereto " the defendant corporation by its servants and agents was negligent, and was guilty of a breach of duty toward the plaintiff." The evidence offered by the plaintiff tended to show that the defendant's superintendent, Cooney, told the plaintiff and a fellow workman, Butterman, to move a heavy piece of machinery over to the elevator, and that he, the superintendent, would follow and help them as soon as he got another man. The machinery was loaded on a truck, of which no complaint was made, and pushed upon the elevator by the plaintiff and Butterman, without waiting for the superintendent to return. The weight of the machinery caused the elevator to tip a little to one side and to drop about an inch, whereupon another servant of the defendant, McAleer, who

had charge of the elevator and was then engaged in oiling the gearing of the same, the belt being off, ordered them to take the machinery off. As the plaintiff and Butterman were endeavoring to wheel the truck off the elevator, the wheels struck the stone curbing surrounding the elevator well and level with the floor, and the machinery fell upon the plaintiff and injured him.

The plaintiff offered to show that there had been trouble with the elevator at some time before the day of the accident; that it had been out of order, so much so as to stop work upon it, and occasioned quite extensive repairs. But at the defendant's request, *Hopkins*, J. excluded the evidence, and the plaintiff excepted. In excluding the evidence the court stated that the plaintiff might show its condition at the time of the accident.

The plaintiff asked one of his witnesses the following questions:

" First. Whether or not there was oil on the belts which ran the elevator?

" Second. If the belt was not saturated with oil?

" Third. How long the belt on the running gear had been in use when the accident happened?

" Fourth. Before the accident occurred, had there been any trouble with the working or operating of the elevator?

" Fifth. Was there anything to prevent the elevator from going below the cellar floor?"

All of these questions were objected to and excluded.

Upon the foregoing evidence the court ruled that the action could not be maintained, and by order of the court the jury returned a verdict for the defendant.

To the exclusion of the evidence aforesaid, and to the final ruling, the plaintiff excepted.

*J. F. Manning*, for the plaintiff.

*G. F. Richardson & G. R. Richardson*, (*D. M. Richardson* with them,) for the defendant.

MORTON, J. It appears that the plaintiff and a fellow servant named Butterman were told by the superintendent to take a heavy piece of machinery to the elevator, and that he (the superintendent) would follow, and help them, as soon as he got another man. The plaintiff and Butterman loaded the machinery on to a truck, of which no complaint is made, and took it to the elevator,

and then, without waiting for the superintendent to arrive, put it on the elevator.  It caused the elevator to drop about an inch, and McAleer, the man who had charge of the elevator, and who was oiling it, the belt being off, shouted to them to take it off ; and while they were doing so the wheels of the truck struck the curbing which surrounded the elevator well, and which was level with the floor, and caused the machinery to slip and injure the plaintiff.  We do not see how, on this state of facts, it can be said that the plaintiff's injury was due to any negligence on the part of the defendant, or to anything except his own act and the act of Butterman, in trying, in consequence of what McAleer had said to them, to get the machinery off of the elevator after they had put it on without any direction from anybody.

There was nothing to show that the injury was due to any defect in the elevator, and the testimony that was offered was therefore rightly excluded.  It may be added, also, that the plaintiff's declaration, fairly construed, does not allege that the injury was caused by any defect in the elevator, or in the ways, works, or machinery of the defendant.

*Exceptions overruled.*